Overton j.
 

 The petition filed in the county court, completely brings the plaintiffs case within the act of Congress. The petition was sworn to which seems to be the method contemplated by the act September, 1789, c. 20. sec. 12. Upon the truth of the petition being verified on oath, and the plaintiff here offering to give the security contemplated in the act, the county court had no discretion, they ought to have taken the security, and sent the cause to the federal court. It would have been the same thing if suit had been brought in this court, and a petition filed and sworn to. This petition was filed at the appearance term, and it states that the plaintiff here was a citizen of Kentucky, [and the defendant
 
 *455
 
 a citizen of this state, and that the matter in dispute exceeds the value of $500. All a court could require in order to ascertain, the truth of the facts stated in the petition, would be an affidavit; and then their duty would be entirely ministerial. After affidavit in the language, of the act of Congress, "it then shall be the duty of the state court
 
 to
 
 accept the surety and proceed no further in the cause." The constitution of the United States, and the laws made in pursuance of it, are the supreme laws of the land, and the act in my apprehension, after the court shall be satisfied by affidavit, requires of them the performance of ministerial duties; the taking of security and the sending of the cause to the federal court. Under these impressions, I am of opinion that a peremptory mandamus ought to issue, as every fact forming the necessary ground, appears from the record.
 
 (a)
 

 (a)
 

 4 Hen. & Mun. 172. Accordant.