Cbabb, J.
delivered the opinion of the Court. The plaintiff in error alleges that the Court below erred in refusing to remove [268] this suit, on his application to the Circuit Court of the United States. It is said in argument for the defendant in error that the Court properly rejected the application, because it was not made by the now plaintiff at the time of entering his appearance. Were the fact as supposed, it would be conclusive in favor of the course pursued by the Circuit Court. But upon inspection of the record, we perceive, that at October term, 1820, Campbell first appeared in the Circuit Court, and at the same term he presented his petition for the removal of the suit.
The facts necessary to entitle him to the removal were substantially set out in the petition ; that he was a citizen of the State of Kentucky, that the matter in dispute exceeded the value of five hundred dollars, &c.
It is objected that no offer to give the prescribed security is contained in the petition. We are of opinion that the petition need not contain the offer. The act of Congress requires that security shall be given by the applicant, for his entering in the United States court, on the first day of its session, copies of the process against him, and for his appearing there, entering bail, &c. But this security need not be given, nor an offer of it made, until it shall have been judicially decided, that upon the facts set out in the petition, as it respects citizenship, value of the matter in dispute, &c. the applicant is entitled to a removal. The giving of security is, in its *587 nature, an act subsequent to the decision on the petition; and we cannot presume that this security would not have been given, if the decision of the Court had been in favor of the privilege asked by the petitioner, as in our opinion it should have been.
But it is also contended, that even if the Circuit Court erred in rejecting the application, the error ca'nnot be corrected by an appeal; that the State courts, in removing a cause to the court of the United States, act merely in a ministerial capacity; and if they improperly refuse to remove, the proper remedy is a writ of mandamus from a superior court. To support this position, we have been referred to the case of Kennedy v. Woodfolk, 1 Tenn. Rep. 453, and Cook’s Rep. 160.
[269] Giving no opinion whether a mandamus might be issued by a superior court, having the power to use such a writ, to compel an inferior court to remove a cause to an United States court, we are satisfied that this Court possesses the power to revise the proceedings of the Circuit Court, with regard to such matter, upon appeal in the nature of a writ of error.
Appeals lie to this Court, to reverse or affirm any judgment, decision, or decree of the Circuit Court. Act of 1809, ch. 49, §§ 26, 27. It cannot be obtained, certainly, until final judgment below; but when obtained, this Court will review all material decisions made in the progress of the cause; and if' any such decision was erroneous, and prejudicial to one of the parties, that decision should be reversed, and all its consequences obviated. In this case the Court below decided erroneously, that the facts and circumstances exhibited to it by the applicant did not entitle him to a removal of his cause. This was a mistaken exercise of judgment, an error in the performance of a judicial act. The decision being erroneous, all further proceedings in a circuit court, from which the cause should have been removed, were erroneous also, and ought to be set aside.
The Court duly estimate the inconveniences enumerated in the written argument of the counsel for the defendant in error, which might often result in practice, from a reversal of judgments below, on account of errors committed in the incipient steps of a cause. The same difficulties, however, would be found more or less to exist in all cases, where decrees or decisions are made of an interlocutory nature. True, it is a great inconvenience that the cause should have remained for several years after the removal was refused; that time should elapse, and costs accumulate, and that, after all, the judgment and all previous proceedings should be rendered inoperative and useless, on account of an error committed in the early stages. But, we repeat, the same inconvenience occurs in cases of new trials improperly granted, demurrers illegally overruled, &c. The remedy, if one is practicable, is not with this department of the government. It may not be amiss to remark [270] also that if the plaintiff cannot be relieved in *588 this mode, he is probably without redress. The powers of this Court being principally, if not exclusively, of an appellate character, it may be at least doubted, whether it could issue a mandamus to the Circuit Court, for the purpose in question. And we are far from being satisfied that the United States courts can legally issue such a writ, notwithstanding it seems to have been done, in a single instance, by the worthy judge of this district-Upon the latter questions, however, we give no opinion.
Let the judgment of the Circuit Court be reversed, and all proceedings, subsequent to the application for removal, set aside; and this Court, proceeding to decide as the Court below should have decided, direct that this suit be removed to the Circuit Court of the United States for the seventh .circuit in the district of East Tennessee, upon bond and sufficient security being given, during the present term of the Court.
Judgment reversed.